UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Pamela Beatty,<br><br>    Plaintiff,<br><br>vs.<br><br>Frank J. Bisignano, Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:25-cv-01706-MDC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 1) AND STRIKING PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF NO. 5) FROM THE DOCKET** |

  Plaintiff Pamela Beatty filed a *Motion/Application to Proceed In Forma Pauperis* ("IFP"). This is a social security appeal and plaintiff is represented by counsel. The Court **DENIES** plaintiff's IFP application without prejudice for the reasons below. Plaintiff must either file a new IFP application OR pay the full filing $405 fee by **December 31, 2025**. The Court also **STRIKES** plaintiff's Second Amended Complaint (ECF No. 5) from the docket because she failed to follow Federal Rule of Civil Procedure ("Rule") 15 in filing the complaint.

I.  WHETHER PLAINTIFF CAN PROCEED IFP

  a.  **General Legal Principles**

  Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but applicant must demonstrate that because of his or her poverty

he or she cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his or her income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g.*, *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

    **b.**    **Analysis**

Plaintiff filed a Short Form IFP application (ECF No. 1); however, the Court notes that it contains deficiencies and that it was not actually completed or signed by the plaintiff. The application was filled out by Erika Bailey Drake, co-counsel for plaintiff, who filled out the form with plaintiff telephonically. *ECF No. 1*. Counsel, however, does not provide a declaration stating how plaintiff's identification was confirmed during the call and whether she has physically met with plaintiff in other occasions. Counsel also fails to provide authority allowing the Court to and IPF application signed by an applicant's attorney and not the applicant. Finally, the application contains several "N/A" responses, which are vague, particularly here were the plaintiff did not fill out the form herself. *Id.* at 2. All questions are applicable and necessary for the Court to evaluate the application. Responses should be responsive and unequivocal, *e.g.*, "none." Therefore, the Court finds that it cannot determine plaintiff's IFP status at this time. The Court will give plaintiff another opportunity to file her IFP application. If plaintiff wishes to proceed *in forma pauperis*, plaintiff must complete a new IFP application that is complete and provides clear, direct responses. If plaintiff is unable to complete the new IPF application, counsel may submit a declaration or affidavit and authority as discussed in this order. While the Court understands the difficulty of plaintiff's situation, plaintiff must otherwise sign the application.

## II.    PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff's 9/24/25 Second Amended Complaint (ECF No. 5) is a rogue document because it was filed without leave of court. A party may amend a pleading once as a matter of course and thereafter may only amend that pleading when it gets opposing party's written consent or the Court's leave to do so. *See* Fed. R. Civ. Pro. 15(a). Plaintiff previously amended her complaint once as a matter of course (ECF No. 4) before filing Second Amended Complaint here. Therefore, the Court strikes plaintiff's Second Amended Complaint. *See* Fed. R. Civ. Pro. 15(a). In order to file another amended complaint, plaintiff must first properly proceed in this case *in forma pauperis* by filing an IFP application and wait

for the Court to grant. If the Court grants, plaintiff must then obtain written consent from opposing party to file the amended complaint or file a Motion in accordance with Rule 15 and LR 15-1 asking for leave of the Court to file the amended complaint.

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Application to Proceed in Forma Pauperis* (ECF No. 1) is **DENIED** without prejudice.

2. Plaintiff must either: (1) file a new IFP application, curing the deficiencies noted in this Order, **or** (2) pay the full $405 filing fee by **December 31, 2025**.

3. Failure to timely file a new IFP application may result in a recommendation that this case be dismissed.

4. Plaintiff's *Second Amended Complaint* (ECF No. 5) is **STRUCK** from the docket. In order to file another amended complaint, plaintiff must first properly proceed in this case *in forma pauperis* by filing an IFP application and wait for the court to grant. If the Court grants, plaintiff must then obtain written consent from opposing party to file the amended complaint or file a Motion in accordance with Rule 15 and LR 15-1 asking for leave of the Court to file the amended complaint.

IT IS SO ORDERED.

DATED: November 24, 2025.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.