**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Pamela B.,

Plaintiff,

vs.

Frank Bisignano, Commissioner of Social Security,

Defendant.

Case No. 2:25-cv-01706-MDC

**ORDER DENYING PLAINTIFF'S REQUESTED RELIEF (ECF NO. 20) AND AFFIRMING THE ADMINSTRATIVE LAW JUDGE**

This matter involves plaintiff Pamela B.'s request to reverse and either order payment of benefits or a remand the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. The Court has reviewed plaintiff's opening brief (ECF No. 20); the opposition brief (ECF No. 22) by defendant Commissioner of Social Security; and plaintiff's reply (ECF No. 23). The Court **DENIES** plaintiff's requested relief and **AFFIRMS** the ALJ's decision for the reasons below.

## I. BACKGROUND

This case arises under the Social Security Act, Titles II and XVI. On November 5, 2022, plaintiff filed an application for disability insurance benefits and supplemental security income, alleging disability commencing January 1, 2010. *See* Administrative Record ("AR") at 38. Plaintiff's date last insured was September 30, 1991. AR 40. The Commissioner denied plaintiff's claim by initial determination on June 22, 2023. AR 97-98, 121-125. Plaintiff sought reconsideration of that determination on August 9, 2023 (AR 135), which the Commissioner denied on December 15, 2023 (AR 136-143). Plaintiff requested a de novo hearing before an Administrative Law Judge on February 18, 2024. AR 148. The appointed ALJ conducted at telephonic hearing on October 8, 2024 (AR 52-76) and issued an unfavorable decision on November 1, 2024, concluding that plaintiff was not disabled (AR 35-51).

Plaintiff requested review of the ALJ decision by the Appeals Council on November 5, 2024 (AR 221-23). On July 29, 2025, the council affirmed the ALJ's November 1, 2024, decision which became "the final decision of the Commissioner of Social Security…." AR 1; *see* 42 U.S.C. § 405(h). Plaintiff now seeks judicial review of the Commissioner's final decision on the following two grounds:

(1) Plaintiff's first claim of error concerns step two in the Social Security sequential inquiry discussed below. She argues that that the ALJ's Residual Functional Capacity ("RFC") determination is erroneous because the ALJ improperly evaluated the medical evidence on the record. Specifically, plaintiff argues that the ALJ: (a) overlooked and did not mention evidence from her rheumatologist, Dr. Okey Operanuku; and (b) failed to consider non-severe impairments and found the opinion by medical examiner, Dr. Richard A. Cestkowski, to be unpersuasive.

(2) Plaintiff's second claim of error is that the ALJ improperly evaluated and rejected plaintiff's subjective symptoms.

## II. GENERAL STANDARDS

### A. Standard of Review

The Court has jurisdiction to review the final decision of the Commissioner for substantial evidence and error of law. 42 U.S.C. § 1383(c). The Fifth Amendment prohibits the government from depriving persons of property without the due process of law. *U.S. Const. amend. V*. Social Security plaintiffs have a constitutionally protected property interest in Social Security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (*quoting* 42 U.S.C. § 405(g)). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389,

401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (defining what a mere scintilla of evidence is).

The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (citation omitted); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**B. The Social Security Five-Step Sequential Inquiry**

Under the Social Security Act, "disability" is the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant to Social Security benefits is disabled if his physical or mental impairment(s) are so severe that he could not do his previous work or any other substantially gainful work existing in the national economy when considering his age, education, and work experience. *See* 42 U.S.C. § 1382c(a)(3)(B). The Social Security Commissioner has a five-step process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). The claimant has the burden of proof for steps one through four and if the claimant can satisfy the burden for each step, the burden shifts to the Commissioner for step five. *Ford*, 950 F.3d at 1148-1149 (9th Cir. 2020). The steps are followed in order and if the claimant is found not disabled at any step, the inquiry ends.

At step one, the claimant must establish that he does not engage in "substantial gainful activity." *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the Commissioner considers whether the claimant has an impairment or combination of impairments are "severe" and significantly limit the claimant's physical or mental ability to do basic work activities. §§ 20 C.F.R. §§ 404.1520 (a)(4)(ii)&(c), 416.920(a)(4)(ii)&(c). At step three, the Commissioner determines whether the claimant's impairments meet or are the equivalent of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 which are presumably sufficient to preclude gainful activity. 20 C.F.R. §§ 404.1520 (a)(4)(iii)&(d), 404.1525(a), 416.920(a)(4)(iii)&(d), and 416.925(a). If the claimant's impairment meets or equals one of the listed impairments, and is of sufficient duration, he is conclusively presumed disabled. §§ 404.1520(a)(4)(iii)& (d), 416.920(a)(4)(iii)& (d). If the claimant's impairment is severe but does not meet or equal one of the listed impairments, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), (f), 416.920(a)(4)(iv), (e), (f). For claims filed and pending before June 22, 2024, past relevant work is work that the claimant performed in the last 15 years that lasted long enough for him to learn to do it and was substantial gainful activity. 20 C.F.R. §§ 404.1565 (a), 416.920(a). For claims filed and pending after June 22, 2024, past relevant work is work that the claimant performed in the last 5 years that lasted long enough for him to learn to do it and was substantial gainful activity. *See Intermediate Improvement to the Disability Adjudication Process, Including How We Consider Past Work*, 89 Fed. Reg. 27,653 (Apr. 18, 2024); *Intermediate Improvement to the Disability Adjudication Process, Including How We Consider Past Work; Deferral of Effective Date*, 89 Fed. Reg. 48,138 (June 5, 2024). In making this determination, the Commissioner assesses the claimant's residual functional capacity ("RFC") and the physical and mental demands of the work previously performed. *See* §§ 404.1565(a), 416.920(a); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545, 416.945. In determining the RFC, the Commissioner must assess all evidence, including the claimant's and others' descriptions of the limitations and medical reports, to determine what capacity he has for work. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

The claimant can return to previous work if he can perform the "actual functional demands and job duties of a particular past relevant job," or "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and citation omitted). If the claimant can still do past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see also Berry*, 622 F.3d at 1231.

If the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work available in the national economy. 20 C.F.R. §§ 404.1520(e), 416.920(e). This means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 528 (9th Cir. 2014). The Commissioner must also consider the claimant's RFC, age, education, and past work experience to determine whether he can do other work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the testimony of a Vocational Expert or by reference to the Grids. *Tackett v. Apfel*, 180 F.3d 1094, 1100-01 (9th Cir. 1999).

If the Commissioner establishes at step five that the claimant can do other work which exists in the national economy, then he is found to be not disabled. 20 C.F.R. §§ 404.1566(b), 416.966(b). Conversely, if the Commissioner determines the claimant unable to adjust to any other work, then he is found disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

//

## III. DISCUSSION

### A. The ALJ Properly Considered And Evaluated The Medical Evidence On The Record

Plaintiff's argues an error occurred at step two of the sequential inquiry because, in determining her RFC, the ALJ overlooked evidence from Dr. Operanuku ("rheumatologist"), failed to consider non-severe impairments, and found the medical opinion by Dr. Cestkowski to be unpersuasive. Again, step two inquires whether plaintiff has impairments or combination of impairments that are "severe" and significantly limit her physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520 (a)(4)(ii) & (c), 416.920(a)(4)(ii) & (c).

With respect to the first issue, plaintiff specifically claims that "[t]he ALJ erred by not mentioning Pamela B.'s rheumatologist and weighing the SOAP notes." *ECF No. 20* at 3. While the ALJ did not explicitly name Pamela B.'s rheumatologist, Dr. Oparanaku, in his analysis, the ALJ does in fact discuss and analyze Dr. Oparanaku's treatment and SOAP notes[1] in his decision. AR 42 (citing and discussing Dr. Oparanku's treatment and SOAP notes). For example, the ALJ addressed Dr. Oparanaku's March 2024 treatment and SOAP notes and found that plaintiff had "muscle tightness, tenderness, and limitation in shoulder, elbow, knee, and ankle mobility." *Id.* In analyzing such and other related medical evidence from the record, the ALJ concluded that plaintiff's "lower back pain, bilateral hand pain, and bilateral feet pain do not cause more than a minimal effect on the claimant's ability to perform basic work-related activities and are therefore nonsevere." *Id.* The ALJ further noted that x-rays of her hands, feet, and pelvis were "unremarkable" and that the pain/limitations did not worsen when Dr. Oparanaku saw plaintiff again in April 2024. *Id.*

---

[1] The "SOAP" note is "an acronym for subjective, objective, assessment and plan and is a method employed by healthcare providers to write out notes in a patient's chart." *Joseph H. v. Comm'r of Soc. Sec.*, No. 3:20-CV-5569-DWC, 2021 WL 12175008, at *8 (W.D. Wash. March 26, 2021)

As to the second and third issues, the record demonstrates that the ALJ considered plaintiff's non-severe impairments and properly found Dr. Cetkowski's opinion that plaintiff could only perform a range of light work to be unpersuasive. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted) (internal quotation marks omitted). "Where the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the [ALJ]." *Id.* (citation omitted) (internal quotation marks omitted). In making such determination, the highly deferential substantial evidence threshold discussed above applies. *Ford*, 950 F.3d at 1159; *Valentine*, 574 F.3d at 690. to the ALJ. A decision supported by substantial evidence maybe set aside only "when the ALJ's findings are based on legal error or not supported by substantial evidence in the record." *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

The ALJ found that plaintiff had the following non-severe impairments: dry eye syndrome; meibomian gland dysfunction; vitreous syneresis; hypertensive retinopathy; myopia; astigmatism; knee pain; high blood pressure; bilateral hand pain; and anemia. AR 42. "In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, Social Security Ruling* ("SSR") 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996); *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (citing SSR 96-8p). "The RFC therefore should be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Buck*, 869 F.3d at 1049 (emphasis in original). However, at the same time, "the ALJ is not required to discuss every piece of evidence in the record when reaching his conclusions[.]" *M.A.G. by the Through Basso v. Kijakzi*, No. 2:23-cv-01595-EJY, 2024 WL 1695114, at *5 (D. Nev. April 18, 2024) (citation omitted). Therefore, the ALJ does not need to "draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

The ALJ reasonably considered plaintiff's non-severe impairments when determining her RFC and concluding that she could perform medium work. The ALJ addressed and examined plaintiff's impairments in four pages of his opinion, including citing and weighing the objective medical records and opinions against such impairments. AR 43-47 (citing medical evidence). The ALJ expressly concluded that he considered the combination of plaintiff's "impairments…. in determining the residual functional capacity." AR 44. The Court therefore finds the ALJ properly addressed and evaluated plaintiff's non-severe impairments when finding that she had the RFC to do medium work.

The Court also finds that the ALJ's rejection of Dr. Cestkowski's opinion is supported by the medical record. AR 45-46. Plaintiff claims that Dr. Cestkowski's opinion and evidence shows limitations faced by plaintiff in her range of motion, physical pain, and movement. *See ECF No. 20* at 6, 9-10. The ALJ, however, sufficiently outlined medical evidence from the record (including Dr. Cestkowski's examination of plaintiff) which demonstrate that plaintiff did not suffer any degradation in her grip or lower body muscle strength. AR 45. The ALJ also found Dr. Cestkowski's opinion to be "temporary in nature" and not identifying "long-term restrictions, but rather precautionary restrictions." AR 46. The ALJ is responsible for resolving any conflicts or ambiguities in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). "[W]hen evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir.1999). Here, the ALJ reasonably interpreted the medical evidence in the record to find that plaintiff can perform medium work and it should be upheld.

The ALJ also sufficiently demonstrated that Dr. Cestkowski's April 2023 examination and opinion was materially contradicted by plaintiff's January 10, 2024 physical exam. *See* AR 45-46. "Where a material conflict in the evidence is present, only the ALJ can resolve it." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (citing *Richardson v. Perales,* 402 U.S. 389 (1971)); *see also Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir.1999) ("[W]hen

evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld." (citation omitted)).

**B. The ALJ Properly Rejected Plaintiff's Subjective Symptom Testimony**

Plaintiff argues that the ALJ committed reversable error in not giving clear and convincing reasons to reject plaintiff's subjective testimony on the "intensity, persistence, and limiting effects" of her symptoms. *ECF No. 20* at 6-10. The Court is not persuaded by plaintiff's claim of error and finds the ALJ sufficiently identified specific, clear and convincing reasons for rejecting plaintiff's testimony.

**i. Legal standards in evaluating subjective symptom testimony**

Social Security regulations prohibit granting disability benefits based solely on a claimant's subjective complaints. 20 C.F.R. § 404.1529(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled"). "An ALJ is not required to believe every allegation of disabling [symptoms], or else disability benefits would be available for the asking, a result plainly contrary to the Social Security Act." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (cleaned up). Thus, where the claimant has provided objective medical evidence of an impairment that could reasonably produce the alleged symptoms, the ALJ evaluates the alleged intensity and persistence of the symptoms by assessing their consistency with (1) the objective medical evidence and (2) the other evidence in the record. *See* 20 C.F.R. § 404.1529(c)(2)-(4); *Social Security Ruling (SSR) 16-3p*, 2017 WL 5180304; *see also Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) ("First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.")

A claimant is "not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (emphasis omitted) (citation omitted). A complaint need not produce "objective medical evidence of the pain or fatigue itself, or the severity

thereof." *Id.* (citation omitted). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15 (citation omitted); *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) ("specific, clear and convincing" are required to reject subjective testimony about the severity of symptoms). While the "clear and convincing standard is the most demanding required in Social Security cases[,]" *Garrison*, 759 F.3d at 1015, ALJ meets such standard by "showing" his or her work. *Smartt*, 53 F.4th at 499. An ALJ may show her work by identifying specific testimony of the plaintiff and explain what evidence undermines that testimony. *Lambert*, 980 F.3d at 1277. The standard for reviewing the ALJ's analysis "isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

**ii. Analysis**

Here, the ALJ did not find evidence of plaintiff malingering and ALJ found that plaintiff suffered from severe impairments. AR 41-42. Thus, the issue raised by plaintiff is whether the ALJ offered specific, clear and convincing reasons for rejecting her subjective testimony, which the Court finds the ALJ did. The ALJ identified specific testimony of the plaintiff including, among other things, that she:

- Cannot exercise because of her medical condition, and cannot stand or walk for more than 2 minutes
- Has 6 types of arthritis including some immunodeficiency arthritis
- Feels like she has razor blades in her eyeballs
- Has severe pain and swelling in her hands, legs, arms, knees and feet
- Cannot move her hands or bend her fingers when they are swollen
- Lays in bed when she gets the pain and swelling
- Lacks energy
- Is 5'10 And weighs 347 Pounds
- Uses a wheelchair at the airport
- Has difficulty using a cane or walker because of the swelling in her hands
- Has fatigue and problems remembering things

AR 44-45.

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms but her statements concerning the intensity, persistence and limiting effects of these symptoms was not entirely consistent with the medical evidence. In rejecting the plaintiff's testimony, the ALJ explained the medical evidence undermining that testimony clearly enough to convince this Court. Among the ALJ's developed discussion of those medical records and findings, which included that plaintiff:

- Did not use artificial tears as recommended.[2]
- Reported to her medical provider that she exercised most days of the week
- Had mild to moderate tricompartmental degenerative arthrosis
- Had good digital dexterity techniques of both hands, no evidence of triggering in the digits, and 5/5 grip strength.
- Had 5/5 bilateral lower extremity motor strength
- 5/5 lower extremity muscle strength, negative straight leg raise, and was able to ambulate to the examining room and within the examining room unassisted.
- Had an "unremarkable orthopedic history" noted by Dr. Cestkowski's records.

AR 41-46.

The ALJ identified, discussed and elaborated sufficient medical evidence to show his work and be convincing. *See M.A.G. by the Through Basso*, 2024 WL 1695114, at *5 (citation omitted); *Lambert*, 980 F.3d at 1277. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

//

//

[2] In rejecting a claimant's subjective symptom testimony, the ALJ may consider and weigh against claimant a failure to seek treatment. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) ("[I]f a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated" (internal citations omitted)).

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court finds that the ALJ properly considered and evaluated the medical evidence and stated specific, clear and convincing reasons for rejecting plaintiff's subjective symptom testimony.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's requested relief in her Brief (ECF No. 20) is **DENIED**.
2. Commissioner's Brief (ECF No. 22) requesting to affirm is **GRANTED**.
3. The Clerk of Court is directed to enter final judgment **AFFIRMING** the decision of the Administrative Law Judge.
4. The Clerk of Court shall **CLOSE** this case.

DATED: August 14, 2026.

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge